■ ESTELLE WIGHTMAN, Respondent-Appellant, v. NORMAN H. WIGHTMAN, Appellant-Respondent.— In an action for a separation and for recovery of money alleged to be owing under an agreement, the defendant counterclaimed for a judgment declaring that the parties had never intermarried, for rescission of the agreement, and for recovery of money alleged to have been paid pursuant to the agreement and otherwise. The plaintiff appeals from so much of an order (a) as denied her motion to vacate a notice to examine her before trial and certain subpœnas served in connection therewith, and (b) as directed her to submit to examination. The defendant appeals from so much of the same order as directed him to pay temporary alimony and a counsel fee. Order modified (1) by striking therefrom the first and second ordering paragraphs and by providing in lieu thereof that the motion for temporary alimony and a counsel fee be referred to the trial court for determination, and (2) by striking from said order everything following the word "granted" in the third ordering paragraph and by substituting therefor the words "without prejudice to any motion which defendant might be advised to make for an order directing that plaintiff be examined before trial upon itemized particular issues, in support of which motion defendant shall show, as to any such issues which are involved in the action for separation, that special circumstances exist which render it justifiable to order examination as to those issues." As so modified, order insofar as appealed from affirmed, without costs. It appears that the plaintiff is possessed of substantial amounts of money to her credit in bank accounts, accumulated by her out of money given to her by the defendant for household expenses over a period of about 10 years. In view of the facts and circumstances set forth in the record, the plaintiff should be required to support herself and to pay for prosecuting her cause for separation out of such money. She will not be prejudiced by the direction that the questions of temporary alimony and counsel fees are to be determined by the trial court (see *Wyzenbeek* v. *Wyzenbeek*, 286 App. Div. 863). Rule 121-a of the Rules of Civil Practice has not affected the principle that examinations before trial are not permitted in matrimonial actions unless special circumstances justifying an examination are shown to exist, and then only as to particular issues. In view of the fact that many issues as to which an examination might be proper in connection with the nonmatrimonial causes are also issues in the separation cause, it is not feasible to permit an examination in the nonmatrimonial causes under the general form of statement as to the scope of the examination which rule 121-a would permit. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.